**Electronically Filed
Intermediate Court of Appeals
29131
14-NOV-2011
08:35 AM**

NO. 29131

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
PATRICK K.K. HO, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 05-1-0282(3))

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, and Reifurth, J.;
and Ginoza, J., dissenting)

Defendant-Appellant Patrick K.K. Ho ("Ho") appeals from the Judgment of Conviction and Sentence entered in the Family Court of the First Circuit ("Family Court")[1] on April 24, 2008 ("Judgment").[2]  Ho was convicted by the jury on two counts of sexual assault in the first degree, in violation of Hawaii Revised Statutes ("HRS") § 707-730(1)(b) (Supp. 2008), and three counts of sexual assault in the third degree, in violation of HRS § 707-732(1)(b) (Supp. 2008).  Ho was granted bail pending the outcome of this appeal.

On appeal, Ho contends that the Family Court erred by improperly: (1) impairing his use of three peremptory challenges; (2) instructing the jury on lesser included offenses; (3) permitting Dr. Alexander Bivens' expert testimony, which served to bolster the complaining witness's ("CW") testimony; (4) excluding CW's MySpace photographs; and (5) admitting an empty e.p.t. pregnancy test ("EPT") kit box into evidence.

---

[1]     The Honorable Rhonda A. Nishimura presiding.

[2]     Although the Judgment form reflects the Circuit Court of the First Circuit, the Judgment was properly entered in the Family Court of the First Circuit.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we affirm the Judgment and resolve Ho's points of error as follows:

(1) Ho contends that his peremptory challenges were impaired because the Family Court (a) erred in refusing to dismiss jurors 19 and 23a for cause because both jurors stated during *voir dire* that they were sexually assaulted in the past, and (b) "lacked jurisdiction" to dismiss jurors 43a and 8a for cause, and to replace them with jurors 7 and 9, after peremptory challenges had been made.

(a) The Family Court should have removed jurors 19 and 23a for cause. *State v. Larue*, 68 Haw. 575, 578, 722 P.2d 1039, 1042 (1986) (had the juror revealed the fact that she had been sexually molested as a child "there [could] be no question that she would have been subject to a challenge for cause, because it [was] clear that . . . a person with such an experience and recollection thereof cannot, no matter how hard they try, really be an impartial juror"). Nevertheless, Ho fails to meet his burden of establishing that his right to exercise a peremptory challenge was denied or impaired. *See State v. Iuli*, 101 Hawai‘i 196, 205-06, 65 P.3d 143, 152-53 (2003) (citing to *United States v. Martinez-Salazar*, 528 U.S. 304, 317 (2000)) (right to exercise peremptory challenges is not denied or impaired when "defendant (1) never asserted at trial that he wished to strike some other juror with the peremptory challenge [that] he was forced to use[,] and (2) did not question the impartiality of the jury as finally composed").

(b) Ho did not object to the Family Court's belated recusal of jurors 43a and 8a, and subsequently passed replacement jurors 7 or 9 for cause. While "the denial or impairment of a defendant's right of peremptory challenge in a criminal case is reversible error not requiring a showing of prejudice[,]" *State v. Carvalho*, 79 Hawai‘i 165, 174, 880 P.2d 217, 226 (App. 1994), the fact that Ho did not object to jurors 7 or 9 for cause means that Ho's right of peremptory challenge was

2

not denied or impaired.[3]

> A defendant . . . cannot sit in silence and accept a juror as unprejudiced and fair and then subsequently allege error in the retention of the same juror.
>
> The result can be no different where a member of the jury panel is not challenged for cause and is later excused on a peremptory challenge. No error can be predicated on the trial court's failure to excuse the proposed juror for cause since the court was not asked to rule on the matter and did not rule.

*State v. Graham*, 70 Haw. 627, 634, 780 P.2d 1103, 1107-08 (1989) (internal quotation marks and citations omitted).

(2) Evidence that acts of sexual contact had occurred supports a jury instruction on the lesser included offense of third degree sexual assault. *State v. Behrendt*, 124 Hawaiʻi 90, 108-10, 237 P.3d 1156, 1174-76 (2010) (defendant was charged with first degree sexual assault; jury properly instructed on third degree sexual assault because it would be reasonable for the jury to conclude that sexual contact preceded any penetration). Nevertheless, according to Ho, the Family Court was obligated to engage Ho in a colloquy before deciding whether to instruct on the included offense because the State did not request the included instruction and Ho objected to the instruction for tactical reasons.

Irrespective of whether the State "did not request" the included offense instruction when it stated that it was the court's duty to issue the instruction, or whether the Family Court was otherwise justified in giving the instruction over Ho's objection in light of the evidence, any error associated with

---

[3] This court has twice previously found plain error in trial courts' mishandling of challenges for cause and peremptory challenges under Hawaiʻi Rules of Penal Proecdure ("HRPP") Rule 24(d) ("[c]hallenges for cause may be made at any time prior to the exercise of peremptory challenges"). *State v. Timas*, 82 Hawaiʻi 499, 923 P.2d 916 (App. 1996); *Carvalho, supra.* The Hawaiʻi Supreme Court, however, has never itself extended plain error to the issue of the ordering of peremptory and for cause challenges. Rather, the supreme court has, to this point, required first that defendants establish that peremptory rights have to be denied or impaired before a showing of prejudice will be excused. *Iuli*, 101 Hawaiʻi at 204, 65 P.3d at 151. Such an ordering of the analysis is particularly appropriate where, as here, the trial court could have-even at any time during trial under HRPP Rule 24(c)-replaced jurors 43a and 8a if they were found "unable or disqualified to perform their duties," and where the alleged error could have been rectified by allowing additional peremptory challenges, if it had first been brought to the trial court's attention. Under the circumstances, we believe that the application of plain error is unwarranted.

giving the instruction was harmless beyond a reasonable doubt. *State v. Holbron*, 80 Hawai'i 27, 47, 904 P.2d 912, 932 (1995).

(3) The Family Court did not err in admitting Dr. Bivens's testimony regarding the dynamics of sexual abuse, including the dynamics of the relationship between the child and the abuser, how children disclose sexual abuse, methods used by child molesters, and the symptoms or behavior (or lack thereof) that sexually abused children exhibit in delayed reporting cases, because the testimony was relevant and not unduly prejudicial. Haw. R. Evid. 401, 402 and 403; *see State v. Silver*, No. 29060, 2010 WL 2637778, *1, *11-12 (Haw. Ct. App. June 30, 2010), *reversed in part on other grounds*, 125 Hawai'i 1, 249 P.3d 1141 (2011); *State v. Mars*, 116 Hawai'i 125, 140-41, 170 P.3d 861, 876-77 (App. 2007); *State v. Batangan*, 71 Haw. 552, 557-58, 799 P.2d 48, 51-52 (1990).

(4) The Family Court did not err in refusing to admit eleven undated photographs of the CW from her MySpace page. The issue arose at trial when CW testified that, in preparing for her testimony, she had reviewed a binder that contained, among other things, the MySpace photos. The State objected to any cross-examination on the photos because the Family Court had previously ruled that they were inadmissible. Ho's counsel argued that the issue was now CW's credibility, that Dr. Nadine Tenn Salle had testified that CW was depressed when she was examined on May 16, 2007, that the photos reflected someone who did not appear depressed, and he was entitled to try to establish the context of the photos because, depending on when they were taken, they may contradict Dr. Salle's contention that CW was depressed at the time of her examination.

The Family Court initially overruled the State's objection, noting that counsel had now established the relevance of the photographs, but warned that, in view of the stated purpose for the examination, counsel still needed to demonstrate that the photographs reflected the CW on or about May 16, 2007. Counsel, however, was unable to establish the date that the photographs were posted, and never pursued the issue of when the photographs were taken. Consequently, the Family Court

subsequently sustained the State's objection and refused to admit the photographs.

The Family Court did not abuse its discretion in declining to admit the CW's undated MySpace photographs. Haw. R. Evid. 901 ("The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."); Haw. R. Evid. 901 cmt. (the requirement of authentication as a condition precedent to admissibility "represent[s] a special aspect of relevancy"); State v. Joseph, 77 Hawaiʻi 235, 239, 883 P.2d 657, 661 (App. 1994) ("The determination of whether proper foundation has been established lies within the discretion of trial court and its determination will not be overturned absent a showing of clear abuse.")

(5) Finally, the Family Court did not err in admitting the EPT kit recovered from the non-communal master bathroom off of Ho's bedroom and a photograph of where it was recovered. The State did not contend that the proffered kit was the kit that Ho used or had CW use to determine whether she was pregnant.[4] Rather, the kit was introduced to corroborate CW's contention that Ho had pregnancy kits in his home, making CW's description of events more probable.[5]

As to whether admission of the EPT kit was more prejudicial than probative, "[t]he responsibility for maintaining the delicate balance between probative value and prejudicial effect lies largely within the discretion of the trial court." State v. Iaukea, 56 Haw. 343, 349, 537 P.2d 724, 729 (1975). Since Ho's contention that he purchased the EPT kit for his

---

[4] In fact, Ho's counsel established on cross-examination of the Honolulu Police Department's Evidence Specialist Hugh Okubo ("Okubo"), the witness through whom the EPT was admitted, that it was not illegal to possess an EPT, that EPT's were widely available over the counter from Longs or other drugstores, and that Okubo did not run a fingerprint analysis on the box in question. As a result, Okubo agreed that he could not tell if anyone had even touched the exhibit.

[5] The State made no reference to the EPT exhibit in its closing argument, commenting only on Ho's explanation for having an EPT kit in his home, and the testimony of one of Ho's daughters that Ho purchased the kit for her use, or use by her other adult sisters.

5

fifty-six year old wife who suffered from Parkinson's disease was contested, there were no other adult females in the household, and the State did not contend that the exhibit was the EPT used on or by CW, the Family Court did not abuse its discretion in concluding that introduction of the kit was more probative than prejudicial.

Therefore,

IT IS HEREBY ORDERED that the Family Court's April 24, 2008 Judgment is affirmed.

DATED:  Honolulu, Hawai'i, November 14, 2011.

On the briefs:

Peter Van Name Esser and
Rodney K.F. Ching
for Defendant-Appellant

Donn Fudo,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee

Presiding Judge

Associate Judge